Case 4:24-cv-00661   Document 17   Filed on 05/27/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
May 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, | § § § § | |
| Plaintiff. | § § | |
| V. | § | CIVIL ACTION NO. 4:24-cv-00661 |
| ROGER LIMA, | § § § | |
| Defendant. | § § | |

## OPINION AND ORDER

Plaintiff G&G Closed Circuit Events, LLC has filed a motion for summary judgment against Defendant Roger Lima a/k/a Roger Blaise Lima d/b/a El Faro Sports Bar. *See* Dkt. 16. Lima has not responded. Having considered the summary judgment briefing, the record, and the applicable law, I grant the motion.

## BACKGROUND

This is an anti-piracy case arising under the Federal Communications Act of 1934 ("the Act"). The Act prohibits, among other things, the unauthorized interception or receipt of programming transmitted via radio or satellite. *See* 47 U.S.C. § 605.

G&G is in the business of marketing and licensing commercial exhibitions of pay-per-view prizefight events. G&G possessed the exclusive right to exhibit and sublicense the February 27, 2021 closed-circuit telecast of the Saul "Canelo" Alvarez vs. Avni Yildirim championship fight, including all undercard bouts and commentary (the "Event").

G&G alleges that Lima illegally intercepted the closed-circuit telecast of the Event, and broadcast it at his commercial establishment, El Faro Sports Bar (the "Establishment"), without purchasing a license to do so. G&G has moved for summary judgment on its claims brought under § 605 of the Act, seeking $60,000 in statutory damages and $3,600 in attorneys' fees.

## LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019) (cleaned up). To survive summary judgment, the nonmovant must present evidence to support each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quotation omitted). Rather, "the nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports his or her claim." *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (cleaned up).

I may not grant summary judgment based solely on Lima's failure to file a response to the motion for summary judgment. *See John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). Instead, when "a party . . . fails to properly address another party's assertion of fact . . . , the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

## ANALYSIS

**A.     LIMA IS LIABLE FOR A § 605 VIOLATION**

Section 605 provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). "Radio communication" includes "satellite cable programming." *Id.* § 605(d)(6). The uncontroverted

summary judgment evidence establishes that "[t]he transmission of the Event originated via satellite." Dkt. 16-1 at 7.

Section 605 "is a strict liability statute." *Joe Hand Promotions, Inc. v. Omarise Bar & Grill Inc.*, No. 4:23-cv-02291, 2024 WL 4594279, at *1 (S.D. Tex. Oct. 28, 2024). To establish a § 605 violation, G&G "need only show that (1) the [Event was] shown in [Lima's] establishment; (2) the [Event was] shown without [G&G]'s authorization; and (3) [G&G] is the exclusive licensee." *Joe Hand Promotions, Inc. v. BH Lounge of DFW, LLC*, No. 4:24-cv-00409, 2025 WL 361818, at *4 (N.D. Tex. Jan. 14, 2025). G&G has presented summary judgment evidence establishing each of these elements.

First, the summary judgment record proves that the Event was shown in the Establishment. *See* Dkt. 16-1 at 43 (declaration of Matthew Schlieper who observed the Event shown at the Establishment); *id.* at 68 (video recording showing the Event broadcast at the Establishment). Second, G&G demonstrates that Lima "did not purchase the Event from [G&G] and was not authorized to receive the Event." *Id.* at 8 (affidavit of G&G's authorized representative stating that "[a]t no time did [Lima] lawfully license the Event from [G&G]"). Third, G&G's evidence further establishes that G&G possessed the exclusive "proprietary rights to sublicense the Event to commercial establishments in the United States." *Id.* at 6; *see also id.* 14–39 (copy of G&G's licensing agreement for the Event). Based on this uncontroverted evidence, Lima is liable for a violation of § 605.

**B.   COMPUTATION OF DAMAGES**

Having determined that Lima violated § 605, I must assess damages.

### *1.   Statutory Damages*

Under the Act, G&G may elect to pursue actual or statutory damages. *See* 47 U.S.C. § 605(e)(3)(C)(i). G&G has opted for the latter, which means it "may recover an award of statutory damages for each violation . . . involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." *Id.* § 605(e)(3)(C)(i)(II). The amount of a statutory damages awarded lies in the sound

discretion of the district court. *See Dish Network, L.L.C. v. Del Carmen*, No. SA-19-cv-01171, 2020 WL 1227311, at *6 (W.D. Tex. Mar. 13, 2020).

G&G seeks the maximum available award of statutory damages in the amount of $10,000, arguing that, as a result of Lima's actions, it lost out on the "value, benefits and profits [it would have] derived from the unauthorized broadcast of the Event" and failed to achieve "the value of [the] business investment, business opportunities and goodwill" it might have otherwise enjoyed. Dkt. 16 at 13 (quotations omitted).

G&G presents evidence that commercial establishments wishing to broadcast the Event were required to pay G&G a commercial sublicense fee. The sublicensing fee was based on the capacity of the particular venue showing the event—not the number of patrons who actually watched the event.[1] Here, the estimated capacity of the Establishment was approximately 150 people. *See* Dkt. 16-1 at 44. For establishments with a capacity between 101 to 200 people, the combined sublicensing and activation fee charged by G&G to broadcast the Event was $1,280. *See id.* at 49 (the rate card identifying the fees venues were charged to broadcast the Event).

Because one of the objectives of the FCA is to deter future violations of the statute, "[m]erely requiring [Lima] to pay the price [he] would have been charged to obtain legal authorization to display the Event does nothing to accomplish this objective of the statute." *Ent. by J&J, Inc. v. Al-Waha Enters., Inc.*, 219 F. Supp. 2d 769, 776 (S.D. Tex. 2002). "There would be no incentive to cease the violation if the penalty were merely the amount that should have been paid." *Id.* (quotation omitted). Considering the need to deter future violations and the fact that the fees here would have been $1,280 had Lima paid to legally broadcast the Event, I find that statutory damages in the amount of $3,840 (three times the cost had Lima followed the law) is reasonable. *See J&J Sports Prods., Inc. v. Catsup Burger Bar*,

---

[1] The record establishes that between only five and seven people actually viewed the Event at the Establishment. *See* Dkt. 16-1 at 44.

4

No. 3:17-cv-1011, 2018 WL 1942228, at *3 (N.D. Tex. Apr. 25, 2018) ("Courts determine the reasonable amount of statutory damages by adding what the establishment would have paid in sub-licensing fees and an amount that the Court, in its discretion, deems reasonable to deter future violation[s].").

### 2. *Enhanced Damages for Willful Violation*

A district court may enhance its award of statutory damages by an amount up to $100,000 per violation if the plaintiff establishes that the violation was both "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). G&G seeks enhanced damages in the amount of $50,000, which is five times its requested statutory damages award of $10,000. *See* Dkt. 16 at 19. Here, "[t]here can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." *Time Warner Cable of N.Y.C. v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999).

"Though there is little guidance how the Court should weigh certain factors when calculating additional damages, many courts have applied a multiplier[] of three to five when faced with a defendant who broadcast an event willfully for his own commercial benefit." *Joe Hand Promotions, Inc. v. Alima*, No. 3:13-cv-0889, 2014 WL 1632158, at *5 (N.D. Tex. Apr. 22, 2014). I recently applied a five times multiplier when an establishment advertised a fight and sold food and beverages for commercial gain. *See Joe Hand Promotions, Inc. v. Beach Bums Bar LLC*, No. 3:24-cv-00229, 2025 WL 1220743, at *5 (S.D. Tex. April 21, 2025). G&G submits evidence showing that Lima advertised the Event on social media, displayed the Event on seven television sets and one projector, and profited from food and drinks sold during the Event. *See* Dkt. 16-1 at 43–44, 51. Given this undisputed evidence, I have no trouble awarding a five times multiplier. Five times the statutory damages award of $3,840 equals $19,200. Accordingly, I award enhanced damages for a willful violation in the amount of $19,200.

### 3. Attorneys' Fees

Because G&G has prevailed on its piracy claim against Lima, the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees" to G&G. 47 U.S.C. § 605(e)(3)(B)(iii). A declaration from G&G's counsel establishes that G&G incurred $3,600 in reasonable and necessary attorneys' fees for 12 hours of work at an hourly rate of $300. *See* Dkt. 16-1 at 58.[2]

## CONCLUSION

For the reasons set forth above, I grant G&G's motion for summary judgment (Dkt. 16). G&G is entitled to an award of:

- statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) from Lima in the amount of $3,840;
- additional damages under 47 U.S.C. § 605(e)(3)(C)(ii) from Lima in the amount of $19,200;
- reasonable attorney's fees from Lima in the amount of $3,600; and
- post-judgment interest at 4.12 percent from Lima on the amounts awarded from the date of final judgment until paid.[3]

I will issue a final judgment separately.

SIGNED this 27 day of May 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] I deny G&G's "request for contingent appellate fees at this time. [G&G] may apply for such award if and when such fees and costs are incurred." *Williams v. Cordillera Commc'ns*, No. 2:13-cv-124, 2014 WL 6674087, at *4 (S.D. Tex. Nov. 24, 2014).

[3] The applicable interest rate is "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).